**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| JACOB KAPLAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INSURANCE AGENCY MARKETING SERVICES, INC.,<br><br>Defendant. | Case No. 4:26-cv-03159-JMD<br><br>**PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

Upon consideration of the parties' joint request for entry of a Protective Order, the Court enters the following Protective Order governing the disclosure of Protected Material by a Producing Party to a Receiving Party in this Action.

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. This Order does not entitle any party to file confidential information under seal **or restricted access**. Filing of Protected Material is governed by paragraph 11.

Good Cause Statement. In the course of litigating and taking discovery in this Action, the parties, or non-parties in connection with this Action, may need to produce competitively sensitive, confidential, and proprietary business information and/or private personal or financial information,

including commercially sensitive internal materials, non-public personal identifying information relating to the calls at issue, confidential financial information, trade secrets, and personnel data of employees or independent contractors. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address its handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.

1) **Definitions.** As used in this Order:

a. Action refers to the above-captioned litigation.

b. Discovery Material includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel, or gathered through formal discovery conducted pursuant to Rules 30 through 36, and Rule 45. Discovery Material includes information within documents, depositions, deposition exhibits, and other written, recorded, computerized, electronic or graphic matter, copies, and excerpts or summaries of documents disclosed as required under Rule 26(a). It also includes tangible things and all items or information, regardless of the medium or manner in which they are generated, stored, or maintained, produced or generated in disclosures or responses to discovery in this Action, including material produced by a non-party.

c. A Producing Party is a party to this litigation, or a non-party either acting on a party's behalf or responding to discovery pursuant to a Rule 45 subpoena, that produces

Discovery Material in this Action. For purposes of this Order, a non-party that otherwise produces Discovery Material in this Action is also a Producing Party.

d. A Receiving Party is a party to this litigation that receives Discovery Material from a Producing Party in this Action.

e. A Designating Party is a party or non-party that designates Discovery Material as "CONFIDENTIAL" under this Order. References to the Producing Party in connection with making, correcting, withdrawing, defending, or consenting to disclosure of a confidentiality designation also include the Designating Party if different from the Producing Party.

f. A non-party is any natural person, partnership, corporation, association, or other legal entity not named as a party to this Action.

g. Protected Material means Discovery Material that qualifies for protection as provided in paragraph 2 and is designated as "CONFIDENTIAL" under this Order, including material deemed confidential under paragraphs 4 and 12. The terms "Protected Material" and "CONFIDENTIAL Information or Items" in any acknowledgment executed under this Order have the same meaning.

h. Final disposition of this Action means the later of dismissal of all claims and defenses, with or without prejudice, and final judgment after completion and exhaustion of all appeals, rehearings, remands, trials, or reviews, including expiration of the time limits for seeking such relief or an extension of time under applicable law.

2) **Protected Material.** This Protective Order applies to all Protected Material produced or obtained in this case. For the purposes of this Protective Order, Protected Material shall include:

a. Commercial information relating to any party's business including, but not limited to, tax data, financial information, financial or business plans or projections, proposed strategic transactions or other business combinations, internal audit practices, procedures, and outcomes, trade secrets or other commercially sensitive business or technical information, proprietary business and marketing plans and strategies, studies or analyses by internal or outside experts, competitive analyses, customer or prospective customer lists and information, profit/loss information, product or service pricing or billing agreements or guidelines, and/or confidential project-related information;

b. Personnel data of the parties or their employees, including but not limited to employment application information; the identity of and information received from employment references; wage and income information; benefits information; employee evaluations; medical evaluation and treatment information and records; counseling or mental health records; educational records; and employment counseling, discipline, or performance improvement documentation; this category also includes such personnel data concerning independent contractors;

c. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

d. Medical or mental health information;

e. Records restricted or prohibited from disclosure by statute;

f. Any information copied or extracted from materials described in any other subparagraph of this paragraph 2, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations, to the extent they reveal the information contained within the underlying Protected Material; and

g. Non-public personal identifying information, including addresses, telephone numbers and information relating to the calls at issue in this Action, the disclosure of which would potentially violate state and federal privacy laws, including but not limited to the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, et seq.

The foregoing categories qualify for confidential treatment only to the extent entitled to protection under Federal Rule of Civil Procedure 26(c) and applicable legal principles. Information of a non-party that falls within these categories is subject to the same protection.

3) **Manner of Confidential Designation.** A Producing Party shall affix a "CONFIDENTIAL" designation to any Protected Material produced in this Action in accordance with this paragraph and paragraphs 4 and 12, subject to correction under paragraph 19.

a. As to documentary information (defined to include paper or electronic documents, but not transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains Protected Material.

b. If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).

c. If it is not feasible to label Protected Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is CONFIDENTIAL.

d. For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL," where feasible. Paragraph 3(c) applies when such labeling is not feasible.

4) **Timing of Confidential Designation.**

a. Except as otherwise stipulated or ordered, or as provided in paragraphs 4(b), 12, and 19, Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

b. If the Producing Party responds to discovery by making Discovery Material available for inspection, the Producing Party need not affix confidential designations until after the Receiving Party has selected the material it wants to receive. During the inspection and before the designation, all material made available for inspection is deemed "CONFIDENTIAL." After the Receiving Party has identified the Discovery Material it wants produced, the Producing Party must determine which materials, or portions

thereof, qualify for protection under this Order, and designate the materials as "CONFIDENTIAL" as required under this Order.

5) **Qualified Recipients.** For the purposes of this Protective Order, unless otherwise ordered by the court or permitted in writing by the Designating Party, the persons authorized to receive Protected Material (hereinafter "Qualified Recipients") are:

a. The parties, including any members, council members, officers, board members, directors, employees, and other legal representatives of the parties to whom disclosure is reasonably necessary for this Action;

b. Legal counsel representing the parties including in-house counsel to whom disclosure is reasonably necessary for this Action, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel; including vendors who are retained to copy documents or electronic files, provide technical support, litigation support, or mock trial services, or provide messenger or other administrative support services; such vendors include persons or entities providing translating, exhibit or demonstration preparation, and data organization, storage, or retrieval services, and their employees and subcontractors; this category also includes mock jurors, subject to paragraph 6(a);

c. Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

d. Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action, so long as such persons agree to maintain the Protected

Material in confidence per the terms of this Order, and provided that such persons may only be shown copies of Protected Material and may not retain any such material;

e. Consulting or testifying expert witnesses and other consultants, including professional jury or trial consultants, and their staff and assistants, to whom disclosure is reasonably necessary to provide professional opinions or assistance for this Action;

f. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants; this includes any settlement officer and supporting personnel mutually agreed upon by the parties engaged in settlement discussions;

g. The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

h. Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony;

i. The court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors;

j. Any auditor or regulator of a party entitled to review the Protected Material due to contractual rights or obligations, or federal or state laws, or court orders, but solely for such contractual or legal purposes;

k. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, but only as to that information; and

l. Any other person agreed to in writing by the parties, including the Designating Party if a non-party.

6) **Dissemination by the Receiving Party.** Counsel for the Receiving Party shall:

a. Require the witnesses and their counsel described in paragraphs 5(c) and 5(d), the experts, consultants, staff, and assistants described in paragraph 5(e), and mock jurors described in paragraph 5(b) to review and agree to the terms of this Protective Order and execute a copy of the Agreement attached hereto as **Appendix** A before receiving Protected Material.

b. Instruct witnesses, consultants, and outside counsel who assist with case preparation or represent a witness that disclosure of the information designated as "CONFIDENTIAL" is prohibited as set forth herein.

c. Maintain a list of any Protected Material disclosed and to whom, along with the executed copies of the **Appendix** A Agreement.

The prohibition on disclosing information designated as "CONFIDENTIAL" exists and is enforceable by the court even if the person receiving the information fails or refuses to sign the **Appendix** A Agreement.

7) **Duty as to Designations.** Each Producing Party that designates information or items as CONFIDENTIAL must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards, and designate only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not

warranted are not swept unjustifiably within the ambit of this Order. Broadly described, indiscriminate, or routinized designations are prohibited.

Information will not be designated as confidential for tactical reasons, and nothing shall be so designated without a good faith belief that it has been maintained in a confidential, non-public manner and that there is good cause why it should not be part of the public record of this case. Withdrawal of an improper designation is governed by paragraph 18(b).

8) **Limitations on Use.** Protected Material shall be used by the Receiving Party only to prepare for and conduct proceedings herein and not for any business or other purpose whatsoever. Permitted uses in this Action include prosecuting, defending, or attempting to settle this Action. Upon final disposition of this Action, each party shall comply with paragraph 15.

9) **Maintaining Confidentiality.** Protected Material shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only as permitted by paragraph 8, and shall not be disclosed except as authorized by this Order. Each party, each Qualified Recipient, and all counsel representing any party shall use their best efforts to maintain all information designated as "CONFIDENTIAL" in such a manner as to prevent access, even at a hearing or trial, by individuals who are not Qualified Recipients. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Use at hearings and trial remains subject to paragraph 14 and the presiding judge's orders.

10) **Copies.** Protected Material shall not be copied or otherwise reproduced by the Receiving Party, except for transmission to Qualified Recipients, without the written permission of the Producing Party or, in the alternative, by order of the court. However, nothing herein shall restrict a Qualified Recipient from loading confidential documents into document review platforms or programs for the purposes of case or trial preparation or making working copies, abstracts, digests, and analyses of information designated as "CONFIDENTIAL" under the terms of this Protective Order.

11) **Filing Protected Material.** The parties agree that Protected Material may be filed with the court in this Action, or included in whole or in part in pleadings, motions, or briefs in this Action, only if (i) the portion(s) designated as Protected Material are redacted, or (ii) it is submitted as a document that is restricted to case participants ("restricted document" pursuant to NECivR 5.3(c)), to the extent the filing of unredacted restricted documents is necessary because information that would be redacted is material to the matter before the court. **Documents that contain Protected Material shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents. A party seeking to file Discovery Material under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions.** This Order does not entitle any Party to file confidential information under seal. If an electronic transcript is filed by a court reporter, the Parties must take the required measures to request the redaction of Protected Material in the transcript.

12) **Depositions.** The following procedures shall be followed at all depositions to protect the integrity of all Protected Material:

a. Only Qualified Recipients may be present at a deposition in which Protected Material is disclosed or discussed.

b. Information designated as "CONFIDENTIAL" may be used at a non-party deposition only if necessary to the testimony of the witness.

c. Testimony given in depositions, the information disclosed therein, and the transcripts thereof shall presumptively be treated as CONFIDENTIAL and subject to this Order during the deposition and for a period of thirty (30) days after a transcript of the deposition is received by counsel for each party. At or before the end of that period, a Designating Party shall notify all parties in writing of the specific pages and lines of the transcript to be treated as CONFIDENTIAL thereafter. Expiration of that presumptive period does not remove a designation arising under paragraph 12(b) or a designation of an exhibit otherwise made under this Order.

d. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

13) **Challenges to Confidentiality Designations.** A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice. If a written motion and briefing are necessary and the information in dispute must be reviewed by the court to resolve that motion, the confidential information shall be filed under restricted access pursuant to the court's electronic docketing procedures.

The Designating Party bears the burden of proving that the information was properly designated. Unless the Designating Party has waived or withdrawn the designation, the material shall continue to receive the protection required by the designation until the court rules on the challenge. A challenge does not authorize any disclosure otherwise prohibited by this Order.

14) **Use at Court Hearings and Trial.** Subject to the Federal Rules of Evidence, Protected Material may be offered and received into evidence at trial or at any hearing or oral argument. Any party may move the court for an order that Protected Material be reviewed in camera or under other conditions to prevent unnecessary disclosure.

Prior to disclosure at trial or a hearing of Protected Material, a party may seek further protections against public disclosure from the court and may make recommendations regarding its handling. The presiding judge will make the ultimate decision regarding use and protection of Protected Material at a hearing or trial.

15) **Return or Destruction of Documents.** After the final disposition of this Action, as defined in paragraph 1(h), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material, subject to the archival exception below. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that, except for archival materials retained as

permitted below, the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

The confidentiality obligations imposed by this Order remain in effect after final disposition until the Designating Party agrees otherwise in writing or a court order otherwise directs. **This Protective Order shall survive the final disposition of this Action, and it shall be binding on the parties and their legal counsel in the future.**

16) **Modification.** This Protective Order is entered without prejudice to the right of any party to ask the court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order when convenience or necessity requires. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the court. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

17) **Additional Parties to Litigation.** In the event additional parties are joined in this Action, they shall not have access to Protected Material until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the court, its agreement to be fully bound by this Protective Order.

18) **Sanctions.**

a. Any party subject to the obligations of this Order who is determined by the court to have violated its terms may be subject to sanctions imposed by the court under Rule 37 of the Federal Rules of Civil Procedure and the court's inherent power. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

b. Confidentiality designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily prolong or encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions. Upon discovering that information was erroneously designated as CONFIDENTIAL, the Producing Party shall promptly notify all other parties of the improper designation and withdraw it.

19) **Inadvertent Disclosure of Protected Discovery Material and Failures to Designate.** If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

20) **Disclosure of Privileged or Work Product Discovery Material.** When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production

without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in **a** stipulated protective order submitted to the court.

21) **Protected Material Subpoenaed or Ordered Produced in Other Litigation.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that party must:

a. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

c. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the **appropriate** court, unless the party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

22) **A Non-Party's Protected Material Sought to Be Produced in This Litigation.**

a. The terms of this Order are applicable to information produced by a non-party in this Action and designated as "CONFIDENTIAL." Such information is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

b. In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession that is subject to a confidentiality agreement with that non-party, the party shall promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to that agreement; promptly provide the non-party with a copy of this Order, the relevant discovery requests, and a reasonably specific description of the information requested; and make the information requested available for inspection by the non-party, if requested.

c. If the non-party fails to seek a protective order from **the appropriate** court within 14 days of receiving the notice and accompanying information, the party required to produce the information may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the party required to produce the information shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its confidential information.

23) **Unauthorized Disclosure of Protected Material.** If a Receiving Party learns that, by inadvertence or otherwise, it or a person to whom it disclosed Protected Material has disclosed that material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify in writing the Designating Party of the unauthorized disclosures; use its best efforts to retrieve all unauthorized copies of the Protected Material; inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and request such person or persons to execute the Acknowledgment and Agreement to Be Bound attached as **Appendix** A.

24) **Reservation of Other Objections and Rights.** This Order has been agreed to by the parties to facilitate discovery and production of relevant evidence in this Action. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order. Neither the entry of this Order, the designation of any information as Protected Material, nor the failure to make such designation shall constitute evidence with respect to any issue in this Action. Further, no action taken or failed to be taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in this Action.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated this 19th day of November, 2026.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

# APPENDIX A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _______________________________ [print or type full name], of _______________________________ [print or type full address], acknowledge that I am about to receive Protected Material in this case and declare under penalty of perjury that I have been given a copy of, have read in its entirety, and understand the Stipulated Protective Order issued by the United States District Court for the District of Nebraska on _______________ in Kaplan v. Insurance Agency Marketing Services, Inc., Case No. 4:26-cv-03159-JMD. I agree to comply with and be bound by all its terms and understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item subject to the Protective Order to any person or entity except in strict compliance with its provisions.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint ____________________________ [print or type full name] of __________________________________________ [print or type full address and telephone number] as my Nebraska agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _________________________________________

City and State where sworn and signed: ___________________________________

Printed name: _________________________________

Signature: ____________________________________